IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Hector Luis Rivera-Lind, ) | |
| ) | Civil Action No. 8:05-3333-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v.          ) | **REPORT AND RECOMMENDATION** |
| ) | |
| M. Pettiford, Warden of ) | |
| FCI-Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The plaintiff, a federal prisoner, has filed a habeas petition pursuant to 28 U.S.C. § 2241. This matter is before the Court on the respondent's motion to dismiss or, alternatively, for summary judgment.[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner filed this habeas action on December 5, 2005. On March 2, 2006, the respondent moved for summary judgment. By order filed March 3, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the

---

[1]Because the parties submitted, and the court considered, matters outside of the complaint, the respondents' motion has been treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").

summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 10, 2006, the petitioner filed a response.

## FACTS PRESENTED

The petitioner is currently a federal prisoner being housed in the Federal Correctional Institution at Bennettsville ("FCI-Bennettsville"). (Pet.¶ 1.)[2] On July 16, 2004, while the petitioner was housed at a Federal Prison Camp in Montgomery, Alabama ("FPC-Montgomery"), prison staff discovered a cell phone and charger in the petitioner's cubicle. (Pet. at 4.) In the incident report, the petitioner was originally charged only with circumventing the telephone monitoring procedures ("Code 297"). (Pet. Ex. 2 at 1.) On July 27, 2004, a hearing was held before the Unit Discipline Committee ("UDC") after which the UDC referred the incident for further hearings before the Discipline Hearing Officer ("DHO"). (Pet. 5.) The DHO amended the incident report and charged the petitioner with the possession, manufacture, or introduction of a hazardous tool ("Code 108") and possession of anything not authorized ("Code 305"). (Resp. Mem. Supp. Summ. J. Ex. 4 - Mitchell Aff. 2.)

On August 19, 2004, the DHO conducted a hearing and found the petitioner had violated Code 108 and 305. (Pet. Ex. 2 at 8.) The DHO recommended that the petitioner lose 40 days of good time credit, lose 180 days of commissary and telephone privileges,

---

[2]The petitioner was convicted of conspiracy to possess with intent to distribute at least 700 grams but less than 1 kilogram of heroin and conspiracy to distribute narcotics. (Resp. Mem. Supp. Summ. J. at 1.) He was sentenced to an aggregate term of imprisonment of 11 years, 3 months and 7 days and has a projected release date of May 23, 2012. (*Id.*)

2

and a disciplinary transfer for the Code 108 violation and 15 days of disciplinary segregation and lose 90 days of telephone privileges for the 305 violation.[3] (*Id.* at 9.) On September 1, 2004, the petitioner was subsequently transferred to the Federal Correctional Institution in Jesup, Georgia ("FCI-Jesup").

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and

---

[3]This 90 days was to run consecutively to the 180 days of lost telephone privileges for the Code 108 violation.

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The petitioner does not dispute that he possessed the cell phone and charger and violated Code 297. However, he contends he did not violate Codes 108 and 305 and the DHO violated his due process rights by increasing the nature and punishment of the

offense without giving him adequate notice.[4]  He alleges he never received the amended incident report.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits.  To comply with due process requirements, prison officials must provide the inmate with: (1) advance written notice of the charge against him, (2) a neutral and detached body to conduct a disciplinary hearing, (3) a written record of the disciplinary committee's findings and the evidence relied on in convicting him, and (4) in limited circumstances, the right to call witnesses and present documentary evidence at the hearing.  *Id*. at 563-67.  The Supreme Court also has held that the revocation of good conduct time does not comport with the minimum requirements of due process unless the findings of the prison disciplinary board are supported by some evidence in the record.  *Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

In this habeas petition, the petitioner contends that he never received notice that he was being charged with violating Codes 108 and 305.  The DHO states that the petitioner was provided with a copy of the amended incident report charging the petitioner with violations of Code 108 and 305 in advance of the hearing and additionally at the

---

[4]The various levels of BOP offenses are listed in 28 C.F.R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos. 100-199; the next level of offenses ("High Category") are listed in Code Nos. 200-299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

beginning of the hearing, she read these charges to the petitioner. (Resp. Mem. Supp. Summ. J. Ex. 4 at 2.)

The Court first notes that in his administrative review of the DHO order, the petitioner argued an ex post facto violation based upon the DHO's amendment of the charges to more severe charges. (Pet. Ex. 2 at 16.) The petitioner did not argue a due process violation based upon the lack of notice.[5] In any event, the petitioner admits the underlying facts and is really arguing that he should not have been convicted of anything more than Code 297.

However, 28 C.F.R. § 541.17(f) authorizes the DHO to find an inmate has committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report. *See also Castellanos v. Snyder*, 2000 WL 1434590, ----1. *See also Yates v. Young*, 772 F.2d 909, 1985 WL 13614, ----1 (6th Cir. 1985) (Unpublished) ("Although the stated charge was possession of a sharpened instrument, plaintiff was notified that the charge was based on the discovery of this weapon in his cell.") The acts reflected in the incident report, which the petitioner admits committing, clearly support a violation of Codes

---

[5]Alternatively, this habeas petition should be dismissed for failure to adhere to the judicially imposed exhaustion requirements for § 2241 petitions. Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. *Pclissero v. Thompson*, 170 F.3d 442, 445 (4th Cir.1999); *McClung v. Shearin*, 90 Fed.Appx. 444, 445 (4th Cir. 2004). Failure to exhaust may only be excused upon a showing of cause and prejudice. McCLung *McClung*,90 Fed. Appx. at 445. In his administrative appeal, the petitioner did not allege that he was not provided adequate notice or that he was denied due process at the hearing and he does not provide an excuse for his failure to do so. Thus, his claim was procedurally defaulted and is unreviewable in a § 2241 petition. *Id*.

297, 108, and 305.[6]  The petitioner has not shown that his due process rights were violated.  Therefore, his petition should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and the petitioner's petition be DISMISSED with prejudice.  **The petitioner's attention is directed to the notice on the following page.**

IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

September 12, 2006
Greenville, South Carolina

---

[6] Further, the DHO explained her reasons for finding a cellular telephone is a hazardous tool.  She stated "possessing a cellular phone gives an inmate an opportunity to make completely unmonitored calls.  These calls can contain threats to the general public or plans for an escape attempt or planning or participating in other illegal activity."  (Resp. Mem. Supp. Summ J. Ex. 6.)  The DHO adequately explained her reasons for finding the cellular telephone is a hazardous tool.  *See Reid v. Adams*, 2006 WL 1966997 (E.D.Va. 2006).

7

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 10768**
**Greenville, South Carolina 29603**